OPINION OF THE COURT
FISHER, Circuit Judge.
The School District of Philadelphia (“School District”) appeals from an April 22, 2008, order of the District Court awarding $104,349.45 in attorneys’ fees and $2,270.05 in costs to plaintiffs Dawn J. and her son, Damian J. The School District urges us to apply to the lodestar amount a greater negative multiplier than that applied by the District Court. Because we conclude that the District Court did not abuse its discretion in reducing the lodestar amount by five percent, we decline to do so. Accordingly, we will affirm the District Court’s order.
I.
We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.
At the time this litigation began, Damian was a twelve-year-old student eligible for a “free and appropriate education” (“FAPE”) under the Individuals with Disabilities Education Act (“IDEA”), 20 U.S.C. § 1400, et seq. To fulfill its IDEA obligations, the School District developed an Individualized Education Program (“IEP”) for Damian. In January 2006, Damian’s mother, Dawn, requested a due process hearing, alleging that the IEP was not being properly implemented and seeking compensatory education for the 2005-2006 school year. After several hearings, a state hearing officer determined that the School District had not denied Damian a FAPE during the relevant period. A state appeals panel upheld that determination.
Thereafter, Dawn, on both Damian’s and her own behalf (together, the “Plaintiffs”), initiated this lawsuit against the School District[1] in the United States District Court for the Eastern District of Pennsylvania, seeking relief under the IDEA; the Rehabilitation Act of 1973, 29 U.S.C. § 794; and 42 U.S.C. § 1983.[2] They asked the District Court, among other *335 things, to reverse the rulings of the hearing officer and the appeals panel; to declare that the School District had violated the IDEA, the Rehabilitation Act, and § 1983; to award Damian compensatory education for the 2005-2006 school year; to order the School District to reimburse them for attorneys’ fees incurred in connection with a 2005 settlement agreement; and to award them monetary damages. The parties filed cross-motions for judgment on the administrative record. In a Memorandum and Order entered on January 23, 2008, the District Court partially granted and partially denied both parties’ motions. The Court awarded Damian compensatory education for the first half of the 2005-2006 school year but declined to award compensatory education for the remainder of that school year. The Court did not award either party any other relief.
The Plaintiffs subsequently moved for an award of $113,267.16 in attorneys’ fees and $2,301.66 in costs.[3] In a Memorandum and Order entered on April 22, 2008, the District Court awarded $104,349.45 in attorneys’ fees and $2,270.05 in costs.[4] The School District has timely appealed only the fee award.[5]
II.
The District Court had jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. We have jurisdiction under 28 U.S.C. § 1291. An award of attorneys’ fees is reviewed for abuse of discretion. P.N. v. Clementon Bd. of Educ., 442 F.3d 848, 852 (3d Cir.2006). “An abuse of discretion occurs when a district court’s decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.” Id. (internal quotation marks and citation omitted). To the extent a district court’s fee award is based on a legal determination, we exercise plenary review. Id.
III.
Both the IDEA and the Rehabilitation Act authorize an award of reasonable attorneys’ fees to the prevailing party. See 20 U.S.C. § 1415(i)(3)(B)(i)(I);[6] 29 U.S.C. § 794a(b).[7] “Our case law construing what is a reasonable fee applies uniformly to all fee shifting statutes.” Goodman v. Pa. Turnpike Comm’n, 293 F.3d 655, 677 (3d Cir.2002) (alteration, quotation marks and citation omitted). “The starting point for determining the amount of a reasonable fee is the lodestar, which courts determine by calculating the ‘number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.’ ” McKenna v. City of Philadelphia, 582 F.3d 447, 455 (3d Cir.2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 *336 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). “The product is a presumptively reasonable fee, but it may still require subsequent adjustment.” UAW Local 259 Soc. Sec. Dep’t v. Metro Auto Ctr., 501 F.3d 283, 290 (3d Cir.2007). Thus, “[ojnce a lodestar calculation has been reached, a court may then reduce that amount to account for ‘limited success’ by a plaintiff, focusing on ‘the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.’” McCutcheon v. America’s Servicing Co., 560 F.3d 143, 151 (3d Cir.2009) (quoting Hensley, 461 U.S. at 435-36, 103 S.Ct. 1933).
In this case, the District Court recited the hourly rates of, and the number of hours expended by, the various attorneys and other professionals hired by the Plaintiffs. The Court rejected the School District’s argument that the hourly rates of some of those professionals should have been reduced, finding that those rates were consistent with, or less than, the prevailing rates for professionals of comparable skill and experience. The Court was likewise unconvinced by the School District’s contention that the Plaintiffs’ time entries were vague. Finally, the Court eliminated from its computation hourly work performed in connection with the preparation of a report that the Plaintiffs had not submitted to the District Court. Having explained these considerations, the District Court calculated the lodestar as $109,841.53. The Court reduced that amount by five percent, resulting in a fee award of $104,349.45. In the District Court’s view, a five percent negative multiplier was appropriate because the Plaintiffs’ success was “substantial.” (App.l2a.) The Court reasoned as follows:
Plaintiffs succeeded in proving Damian had been denied FAPE and Damian’s rights were vindicated. Plaintiffs’ claims, both successful and unsuccessful, were interrelated, nonfrivolous, and raised in good faith. The claims arose out of a common core of facts involving deficiencies in Damian’s classroom environment. The claims were also based on related theories regarding the implementation of Damian’s IEP. I find much of counsel’s time was devoted generally to the litigation as a whole and the hours spent on the various claims cannot be divided. I also find counsel carefully prepared this ease and their work was thorough and skilled. Plaintiffs’ success, however, was not complete, and I find a slight fee reduction reasonable to reflect the limited success. Given the significance of the overall relief obtained in relation to the hours reasonably expended on the litigation, I find a reduction of 5% to be reasonable.
(App. 12a-13a (internal citation omitted).)
The School District does not dispute that the Plaintiffs are the prevailing party in this case. Instead, it argues that the Plaintiffs prevailed on only one of what the School District characterizes as four claims: (1) reversal of the state administrative rulings; (2) compensatory education for the entirety of the 2005-2006 school year; (3) compensatory damages under the IDEA, the Rehabilitation Act, and § 1983; and (4) attorneys’ fees sought in connection with a 2005 settlement agreement between the parties. (Appellant’s Br. 12-13.) The School District further argues that the Plaintiffs prevailed on only the first two claims, and only partially at that, since Damian was awarded compensatory education for only one-half of the 2005-2006 school year. The School District points out that the § 1983 claim was dismissed and contend that the fee request in connection with the 2005 settlement agreement was not “proven.” (Id. at 13.) In the School District’s view, a seventy-five percent, instead of a five percent, negative multiplier should have been applied to the Plaintiffs’ fee request, result *337 ing in a fee award of $27,460.38. Notably, the School District has offered us no relevant legal authority to compel the use of its proposed negative multiplier.[8]
It is true that when “a plaintiff has achieved only partial or limited success,” a district court may reduce a fee award below the lodestar amount. Hensley, 461 U.S. at 436, 103 S.Ct. 1933. However, “[tjhere is no precise rule or formula for making these determinations.” Id. Indeed, where, as here, a plaintiffs successful and unsuccessful claims arise out of a common core of facts — the School District’s failure to provide Damian with a FAPE — “[m]uch of counsel’s time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.” Id. at 435, 103 S.Ct. 1933. We recognize that a district court may reduce the lodestar amount “even where the plaintiffs claims were interrelated, nonfrivolous, and raised in good faith.” Id. at 436, 103 S.Ct. 1933. At the same time, when a district court “applies the correct legal standard, th[at] court has discretion in determining the actual fee[ ] award.” Abrams v. Lightolier Inc., 50 F.3d 1204, 1222 (3d Cir.1995) (citations omitted). Indeed, deference to a district court’s determination of attorneys’ fees
is appropriate in view of the district court’s superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters. It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award. When an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained.
Hensley, 461 U.S. at 437, 103 S.Ct. 1933.
Here, in a thoroughly reasoned and careful analysis, the District Court made factual findings that we have been given no reason to upset. Furthermore, consistent with the governing legal standards, the District Court correctly calculated the lodestar figure. Finally, taking into account the interrelated nature of the Plaintiffs’ claims and the Plaintiffs’ “substantial” success in vindicating Damian’s right to a FAPE — a right that was at the crux of this lawsuit — the District Court determined that a five percent negative multiplier was warranted. Based on our review of the record, we cannot say that the District Court reached a determination that “no reasonable person would adopt[.]” Rode v. Dellarciprete, 892 F.2d 1177, 1182 (3d Cir.1990) (citation omitted); see also Washington v. Phila. County Court of Common Pleas, 89 F.3d 1031, 1039 (3d Cir.1996) (“Our task [in reviewing a fee award] is not to determine whether, sitting as a court of first instance, we would have reached the same conclusion as the district court did.”).
IV.
For the foregoing reasons, we will affirm the District Court’s April 22, 2008, order.

. Dawn also named as a defendant the Community Council for Mental Health and Mental Retardation. The District Court subsequently granted that defendant’s motion to dismiss and dismissed it from this case. That ruling is not at issue here.

. The District Court dismissed the Plaintiffs’ § 1983 claim on the School District’s motion. That ruling is likewise uncontested.

. The Plaintiffs initially asked for an award of $127,531.54 in attorneys' fees and $4,501.03 in costs, but later reduced their request.

. The District Court subsequently stayed the execution of its award of fees and costs pending appeal.

. The School District does not challenge the District Court's ruling on the parties' respective motions for judgment on the administrative record. Nor does the School District challenge the District Court's award of costs.

. The IDEA'S fee-shifting provision states, in pertinent part, as follows: "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs ... to a prevailing party who is the parent of a child with a disability [.]'' 20 U.S.C. § 1415(i)(3)(B)(i)(I).

.The Rehabilitation Act's fee-shifting provision states: "In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.” 29 U.S.C. § 794a(b).

. The School District cites several decisions by district courts in this circuit to support its position, but none of them furthers the School District’s cause. Instead, those decisions demonstrate only that other district courts have exercised their discretion in different ways on different facts. Significantly, none of those decisions bind this Court, just as they did not bind the District Court in this case.